UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **QUARTER HOLDINGS, LLC, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-2765** |
| | * | |
| **AXIS SURPLUS INSURANCE** | * | **SECTION "L"(5)** |
| **COMPANY, INC.** | * | |

## ORDER & REASONS

Before the Court is a Motion to Dismiss (Rec. Doc. No. 8) filed by Defendant. The Court has reviewed the submitted memoranda and the applicable law and is ready to rule. For the following reasons, the motion is denied.

**I. BACKGROUND**

This case arises out of an insurance claim made by Plaintiffs Quarter Holdings, d/b/a AKM Jewelry, LLC ("AKM") and Magnolia Properties ("Magnolia"). Plaintiffs are the owners of two properties in the French Quarter that were insured by Defendant Axis Surplus Insurance Company. Plaintiffs claim that on September 4, 2011, these properties were damages by Tropical Storm Lee. Plaintiffs allege that they notified Defendant about the loss on September 9, 2011, and Defendant's inspection took place over the next few weeks. Plaintiffs allege that although they followed Defendant's instructions to discard unsalvageable inventory, Defendant is now claiming in bad faith that this process has prevented Defendant from adjusting Plaintiffs' loss. Plaintiffs claim that Defendant is liable for breach of insurance contract, breach of the duties of good faith and fair dealing, and bad faith claims adjusting. Plaintiffs have filed suit in this Court seeking damages for loss of use of insured property, loss of business income, loss of movable

1

goods, and permanent repair and remediation expenses. In addition, because Plaintiffs allege that Defendant failed to pay Plaintiffs' claim in bad faith, Plaintiffs seek "penalties and attorney's fees."

Defendant has filed an answer denying liability and asserting affirmative defenses, including alleging that the damage was due to a pre-existing condition.

## II.  PRESENT MOTION

Defendant has filed a Motion to Dismiss Plaintiffs' Bad Faith Claim (Rec. Doc. No. 8). In it, Defendant notes that Plaintiffs are seeking penalties and attorney's fees because Plaintiffs allege that Defendant failed to pay Plaintiffs' claim in bad faith. Defendant argues that, under La. Rev. Stat. §§ 22:1892 and 22:1973(b)(5), statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim. Defendant contends that the report from the Forensic Engineer, Nick Cammarata, provided a reasonable and legitimate question regarding the causation of Plaintiffs' damages. As a result, Defendant argues that Plaintiffs have failed to state a claim for bad faith damages, and it should therefore be dismissed under Rule 12(b)(6).

Plaintiffs have filed an opposition to this motion. First, Plaintiffs argue that this Court should not consider Mr. Cammarata's report in deciding Defendant's motion. Plaintiffs assert that, unless Defendant's motion is converted to a motion for summary judgment, the Court may only consider documents outside the complaint when they are essential to proving a plaintiff's claims. Plaintiffs contend that with Mr. Cammarata's report, Defendant is unable to defeat Plaintiffs' bad faith claim. Second, Plaintiffs argue that, even if Mr. Cammarata's report is considered, the facts alleged in Plaintiffs' complaint create a sufficient bases for a cause of action in bad faith.

## II. LAW AND ANALYSIS

### A. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B. Analysis

Defendant has filed a motion to dismiss in which it argues that Plaintiffs' bad faith claim must be dismissed because the forensic engineer's report provides a reasonable basis for Defendant's refusal to pay Plaintiffs' insurance claim. Plaintiffs respond by arguing that the Court may not consider documents outside the pleadings in deciding a 12(b)(6) motion to dismiss.

Plaintiffs are correct in this dispute. In deciding a motion to dismiss for failure to state a claim, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true." *Ferdinand v. Republic Fire & Cas. Inc.*, 2009 WL 3062664 (E.D. La. Sept. 22, 2009). The Fifth Circuit has further instructed that "when considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt.*, 2011 WL 5903498 (5th Cir. 2011).

In this case, Defendant bases its motion to dismiss upon the findings in a report written by its forensic engineer. Although this document is attached to Defendant's motion and is indirectly referenced in Plaintiffs' complaint, it is not central to the Plaintiffs' claims. Plaintiffs' claims are based on the insurance policy issued by Defendant, and on the instructions Defendant gave after Plaintiffs made their insurance claim. Therefore, the Court may not consider Mr. Cammarata's report in deciding Defendant's motion to dismiss. Without this report, Defendant's motion to dismiss Plaintiffs' bad faith claim has no support and must be denied.

It is true that if a Defendant's 12(b)(6) motion presents matters outside the pleadings, the Court must treat it as a motion for summary judgment as provided by Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d). At this stage in the litigation, however, discovery has only begun, and the Court does not find it appropriate to grant a motion for summary judgment at this time. *See* Fed. R. Civ. P. 56(d)(2) (providing that a court may "allow time [for the parties] to take discovery"). Accordingly, the Court must deny the Defendant's motion to dismiss without prejudice to the Defendant's right to re-file this motion upon completion of discovery, if appropriate.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 8) is hereby **DENIED** without the prejudice to the Defendant's right to re-file this motion upon completion of discovery.

New Orleans, Louisiana, this 30th day of March, 2012.

                                                UNITED STATES DISTRICT JUDGE