UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **QUARTER HOLDINGS, LLC, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-2765** |
| | * | |
| **AXIS SURPLUS INSURANCE** | * | **SECTION "L"(5)** |
| **COMPANY, INC.** | * | |

## ORDER & REASONS

Before the Court are four Motions filed by Defendant: a Motion in Limine to Exclude Testimony of James Danner (Rec. Doc. No. 26); a Motion in Limine to Limit Testimony of Jerry Smith (Rec. Doc. No. 27); a Motion for Partial Summary Judgment on Plaintiffs' Claims Related to the Property at 707 Canal Street (Rec. Doc. No. 28); and a Motion for Partial Summary Judgment on Plaintiffs' Claims for Bad Faith Damages (Rec. Doc. No. 30).[1] The Court has reviewed the submitted memoranda and the applicable law and is ready to rule. For the following reasons, the Motion in Limine to Limit Testimony of Jerry Smith and the Motion for Partial Summary Judgment on Plaintiffs' Claims for Bad Faith Damages are granted and the remaining motions are denied.

## I. BACKGROUND

This case arises out of an insurance claim made by Plaintiffs Quarter Holdings, d/b/a AKM Jewelry, LLC ("AKM") and Magnolia Properties ("Magnolia"). Plaintiffs are the owners of two properties in the French Quarter insured by Defendant Axis Surplus Insurance Company.

---

[1]Also pending, but not addressed in this Order and Reasons, is a fifth Motion: Defendant's Motion for Partial Summary Judgment on Plaintiffs' Claims Related to the Property at 615 Decatur Street. (Rec. Doc. No. 29).

1

Plaintiffs claim that on September 4, 2011, these properties were damaged by Tropical Storm Lee. Plaintiffs allege that they notified Defendant about the loss on September 9, 2011, and Defendant's inspection took place over the next few weeks. Plaintiffs allege that although they followed Defendant's instructions to discard unsalvageable inventory, Defendant is now claiming that this process has prevented Defendant from adjusting Plaintiffs' loss. Plaintiffs claim that Defendant is liable for breach of insurance contract, breaches of the duties of good faith and fair dealing, and bad faith claims adjusting. Plaintiffs have filed suit in this Court seeking damages for loss of use of insured property, loss of business income, loss of movable goods, and permanent repair and remediation expenses. In addition, because Plaintiffs allege that Defendant failed to pay Plaintiffs' claim in bad faith, Plaintiffs seek "penalties and attorney's fees."

Defendant has filed an answer denying liability and asserting affirmative defenses, including alleging that the damage was due to a pre-existing condition. On January 18, 2012, Defendant filed a Motion to Dismiss Plaintiffs' Bad Faith Claim pursuant to Rule 12(b)(6). (Rec. Doc. No. 8). Upon considering the Motion to Dismiss as a Motion for Summary Judgment pursuant to Rules 12(d) and 56 of the Federal Rules of Civil Procedure, the Court denied Defendant's motion without prejudice to the Defendant's right to re-file the motion upon completion of discovery, if appropriate. (Rec. Doc. No. 19).

## II. PRESENT MOTIONS

### A. Motion in Limine to Exclude Testimony of James Danner

Defendant has filed a Motion in Limine to Exclude Testimony of James Danner. (Rec. Doc. No. 26). In it, Defendant notes that Plaintiffs retained James Danner as an expert in civil engineering and directed him to investigate whether winds associated with Tropical Storm Lee

caused the observed roof damage at either of the two subject properties. Defendant argues that, pursuant to Rule 702 of the Federal Rules of Evidence, expert testimony is permissible only when the expert's technical expertise will assist the trier of fact. Defendant contends that James Danner's testimony will not assist the jury because it is based on common sense rather than technical knowledge. Therefore, Defendant asks the Court to exclude James Danner's testimony.

Plaintiffs have filed an opposition to this motion. (Rec. Doc. No. 42). Plaintiffs argue that Danner employed his technical expertise in forming his opinion as to whether wind caused the damage at the subject properties, a fact reflected in his deposition despite his reference in one answer to "common sense." Plaintiffs contend that Danner's testimony will assist the trier of fact both in understanding the factual issues in the case and also in understanding the alleged weaknesses in the analysis provided by the Defendant's expert. Therefore, Plaintiffs ask that this Court deny Defendant's motion and allow James Danner's expert testimony.

Pursuant to Rule 702 of the Federal Rules of Evidence, expert testimony is permissible when the expert's technical expertise will assist the trier of fact, is based on sufficient facts, and is the product of an appropriate methodology. Both sides have employed experts to opine on whether wind caused the damage to either or both of the subject properties. James Danner's testimony, like that of Defendant's expert, will assist the jury's understanding of the factual issues in the case. The report and testimony of James Danner, taken as a whole, meet the requirements of Rule 702. Therefore, Defendant's Motion in Limine to Exclude Testimony of James Danner is denied.

   **B. Motion in Limine to Limit Testimony of Jerry Smith**

Defendant has filed a Motion in Limine to Limit Testimony of Jerry Smith. (Rec. Doc. No. 27). Defendant notes that Jerry Smith, a maintenance worker, performed repairs on the roof of 707 Canal Street during Tropical Storm Lee.  Defendant concedes that Smith's observations on that occasion are relevant, but seeks to prevent Smith from opining on the cause of the damage he observed. Defendant argues that Smith is not qualified to offer an expert opinion on whether the condition was caused by the storm or a preexisting condition. Defendant further argues, here, that the causation question is technical in nature and requires expert testimony. Therefore, Defendant asks this Court to issue an order precluding Jerry Smith from offering his opinion as to the cause of the roof damage at the subject properties.

Plaintiffs have filed an opposition to this motion. (Rec. Doc. No. 40). Plaintiffs argue that Jerry Smith is qualified to offer his opinion because of his four years' employment as a building and roof maintenance worker. Plaintiffs ask this Court to deny Defendant's Motion and allow Jerry Smith to offer opinion testimony on the causation question.

Pursuant to Rule 701 of the Federal Rules of Evidence, witnesses who are not qualified as experts may offer opinions only when those opinions are "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). In this case, the question of causation is dependent on technical, specialized knowledge and is within the scope of Rule 702. Therefore, because Jerry Smith's lay opinion does not meet the requirements of Rule 701, Defendant's Motion in Limine to Limit Testimony of Jerry Smith is granted.

**C. Motion for Partial Summary Judgment on Plaintiffs' Claims Related to the Property at 707 Canal Street**

Defendant has filed a Motion for Partial Summary Judgment on Plaintiffs' Claims Related to the Property at 707 Canal Street. (Rec. Doc. No. 28). Defendant argues that, in the

event this Court grants its Motion in Limine to Exclude Testimony of James Danner (Rec. Doc. No. 26), there will be no dispute as to whether the damage to the roof of 707 Canal Street was caused by wind. As discussed above, Defendant's Motion in Limine to Exclude Testimony of James Danner is denied. Therefore, Defendant's Motion for Partial Summary Judgment on Plaintiffs' Claims Related to the Property at 707 Canal Street is also denied.

### D. Motion for Partial Summary Judgment on Plaintiffs' Claims for Bad Faith Damages

Defendant has filed a Motion for Partial Summary Judgment on Plaintiffs' Claims for Bad Faith Damages. (Rec. Doc. No. 30). Defendant argues that, under Louisiana law, an insurer who fails to pay a claim will not be found to have omitted payment in bad faith when there are substantial, reasonable, and legitimate questions as to the extent of its liability. Defendant further argues that, because its expert reports for both subject properties concluded that there was no wind damage associated with Tropical Storm Lee, its decision not to pay the claim was based on a substantial question as to its liability. Therefore, Defendant argues that Plaintiffs' claim for bad-faith damages must fail as a matter of law.

Plaintiffs have filed an opposition to this motion. (Rec. Doc. No. 43). Plaintiffs allege that Defendant's expert reports cannot serve as a basis for its good-faith reliance because the reports are contradicted by other evidence. Therefore, Plaintiffs argue that there is a factual issue that precludes summary judgment.

A cause of action for penalties under La. R.S. § 22:658 requires a showing that (1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious, or without probable cause. La. R.S. § 22:658. "Statutory penalties are inappropriate when the

5

insurer has a reasonable basis to defend the claim and was acting in good faith reliance on that defense." *Maurice v. Prudential Ins. Co.*, 831 So.2d 381, 388 (La. App. 4 Cir. 10/23/02) (internal citations omitted); see also *New York Marine and Gen. Ins. Co. v. McDermott Int'l, Inc.*, 2005 WL 1400450, at *5 (E.D.La. June 1, 2005) ("When an insurer has legitimate doubts about coverage for a particular claim, the insurer has the right to litigate such a questionable claim without being subjected to damages and penalties."). This insurer had legitimate doubts about coverage. The fact that the parties and their experts disputed the extent of coverage according to the terms of the policy does not warrant the imposition of statutory penalties for bad faith. As such, the Plaintiffs' claims for bad faith refusal to provide payment under the claim also fail as a matter of law, and Defendant's Motion for Partial Summary Judgment on Plaintiffs' Claims for Bad Faith Damages is granted.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion in Limine to Limit Testimony of Jerry Smith (Rec. Doc. No. 27) and Motion for Partial Summary Judgment on Plaintiffs' Claims for Bad Faith Damages (Rec. Doc. No. 30) are GRANTED. **IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Testimony of James Danner (Rec. Doc. No. 26) and Motion for Partial Summary Judgment on Plaintiffs' Claims Related to the Property at 707 Canal Street (Rec. Doc. No. 28) are DENIED.

New Orleans, Louisiana, this 5th day of September, 2012.

UNITED STATES DISTRICT JUDGE